# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A., A
NATIONAL BANKING ASSOCIATION,
Appellant,
vs.
TRP FUND IV, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 71655

**FILED**

JUL 2 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a final judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Appellant Bank of America challenges the district court's order granting summary judgment in favor of respondent. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

Bank of America first challenges the relevant provisions in NRS Chapter 116, arguing that federal mortgage insurance programs preempt the statutory scheme. We disagree as explained in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017).

Bank of America also argues that the district court erred in concluding that it had not tendered the superpriority lien amount before the foreclosure sale. We agree with the district court. The June 2012 letter offering to pay the superpriority lien amount, once that amount was

determined, was not sufficient to constitute a valid tender.[1] *See Southfork Invs. Grp., Inc. v. Williams*, 706 So. 2d 75, 79 (Fla. Dist. Ct. App. 1998) ("To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay, are not enough."); *Cochran v. Griffith Energy Serv., Inc.*, 993 A.2d 153, 166 (Md. Ct. Spec. App. 2010) ("A tender is an offer to perform a condition or obligation, coupled with the present ability of immediate performance, so that if it were not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied." (internal quotation marks omitted)); *Graff v. Burnett*, 414 N.W.2d 271, 276 (Neb. 1987) ("To determine whether a proper tender of payment has been made, we have stated that a tender is more than a mere offer to pay. A tender of payment is an offer to perform, coupled with the present ability of immediate performance, which, were it not for the refusal of cooperation by the party to whom tender is made, would immediately satisfy the condition or obligation for which the tender is made."); *McDowell Welding & Pipefitting, Inc. v. United States Gypsum Co.*, 320 P.3d 579, 585 (Or. Ct. App. 2014) ("In order to serve the same function as the production of money, a written offer of payment must communicate a present offer of timely payment. The prospect that payment might occur at some point in the future is not sufficient for a court to conclude that there has been a tender . . . ." (internal quotations, citations, and alterations omitted)); *cf.* 74

---

[1]Bank of America's reliance on *Cladianos v. Friedhoff*, 69 Nev. 41, 240 P.2d 208 (1952), is misplaced. That case addressed when a party's performance of a contractual condition could be excused by virtue of the other contracting party having already breached the contract. *Id.* at 45-47, 240 P.2d at 210-11. Here, no contractual relationship existed between Bank of America and the HOA or the HOA's agent.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Am. Jur. 2d Tender § 1 (2018) (recognizing the general rule that an offer to pay without actual payment is not a valid tender); 86 C.J.S. Tender § 24 (2018) (same).

Next, Bank of America argues that the foreclosure sale should be set aside based on a grossly inadequate sale price. As this court has reiterated, a grossly inadequate price alone does not justify setting aside a foreclosure sale. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641 (2017). Alternatively, and consistent with *Nationstar*, Bank of America argues that there also is evidence of unfairness or oppression. To some extent, Bank of America relies on what it characterizes as "unfair outcomes." Our decisions, however, make it clear that the inquiry is whether "the sale was affected by fraud, unfairness, or oppression," *id.* at 648, not whether the result of the sale was unfair. As to alleged unfairness or oppression affecting the sale, Bank of America claims that a provision in the homeowners' association's CC&Rs (§ 4.13) led Bank of America and bidders to believe that the HOA's foreclosure sale would not extinguish a first deed of trust, thus chilling the bidding at the foreclosure sale and that the HOA's agent led Bank of America to believe the same in a letter sent before the foreclosure sale. Our review of the record, however, indicates that Bank of America did not make these arguments below. We therefore decline to consider them in the first instance on appeal.[2] *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

---

[2]We note that Bank of America does not mention § 4.12 of the CC&Rs, which reiterates the superpriority provided by NRS 116.3116 and is cross-referenced in the CC&R section cited by Bank of America.

Because Bank of America has not demonstrated that the district court erred in granting summary judgment to respondent, we ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc:    Hon. Joseph Hardy, Jr., District Judge
       Akerman LLP/Las Vegas
       Hong & Hong
       Eighth District Court Clerk